IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROLANDO RAMOS-CARDONA<br>*Plaintiff(s)* | : : : : : | |
| v. | : : | CIVIL NO. 5:24-cv-04073 |
| UNITED STATES DEPT. OF EDUCATION<br>*Defendant(s)* | : : | |

**REPORT OF RULE 26(f) MEETING**

In accordance with Federal Rule of Civil Procedure 26(f) and this Court's Order Scheduling Hearing, counsel for the parties conferred and submit the following report of their meeting for the court's consideration:

    **I.**    **Basic Information**

Names of counsel for Plaintiff(s) who will participate in the Rule 16 Conference:

Irv Ackelsberg will attend in person. If Joshua Cohen can participate remotely, he will also attend.

Names of counsel for Defendant(s) who will participate in the Rule 16 Conference:

Erin Lindgren, AUSA.

For each party, does counsel have full authority to settle this case at the Rule 16 Conference?

Defense counsel does not have authority to settle this case at the Rule 16 Conference.

If not, list name(s) of any client or proxy with such authority who will either attend the conference or remain on call during the conference:

Candice Jackson, Deputy General Counsel for the Department of Education, will be available via telephone during the conference if necessary.

Date parties held the Rule 26(f) Conference: February 10, 2025

Please check off all that apply: None.

| | | | |
|---|---|---|---|
| ☐ | Jury Trial Requested | ☐ | Non-Jury Trial Requested |
| ☐ | Magistrate referral requested | ☐ | Arbitration |

**II.     Discussion of Claims, Defenses, Relevant Issues, and Likely Motions**

Please specify the basis for federal jurisdiction in this case, and discuss whether the parties contest jurisdiction or venue. Briefly summarize the central claims and defenses—you can assume that the court is familiar with the pleadings. Importantly, parties should outline facts and issues necessary to understanding potential motions or discovery issues. **Parties should also attach critical documents to this report for the court to review ahead of the Rule 16 Conference**.

### A. Jurisdiction and Venue

Basis of jurisdiction: Plaintiff's Complaint asserts that his claim is brought under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 702-706, Declaratory Judgment Act 28 U.S.C. §§ 2201-02, and the All Writs Act, 28 U.S.C. § 1651. Plaintiff intends to amend the Complaint to make clear that the sole jurisdictional basis for this action is the APA.

Do the parties contest subject matter jurisdiction, personal jurisdiction, or venue?

No.

### B. Plaintiff's Claims

Congress created the Public Service Loan Forgiveness (PSLF) in 2007. The statutory provisions relevant to the PSLF program are codified at 20 U.S.C. § 1087e(m). The regulations governing the program are found at 34 C.F.R. § 685.219. Under this program, public service employees with qualifying student loan debt who comply with their repayment obligations can apply to receive a discharge of their loan after ten years (or 120 payments). This lawsuit seeks review under 5 U.S.C. §706 of a final decision by Defendant United States Department of Education ("USED"), denying the PSLF application of Plaintiff Rolando Ramos-Cardona, a staff lawyer for one of the two Standing Chapter 13 Trustees for this District, on the grounds that the Standing Trustee is not a "qualifying employer".

Plaintiff contends that this determination by USED was, in accordance with the APA review standard, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," and "unsupported by substantial evidence." 5 U.S.C. §706.

### Relief Requested and Amount in Controversy

The APA directs reviewing courts to "compel agency action unlawfully withheld or unreasonably

delayed" and to "hold unlawful and set aside agency action, findings, and conclusions" that violate the law or are otherwise "arbitrary and capricious." As a practical matter, Plaintiff seeks an order directing USED to discharge the balance of his student loan.

### C. Defenses

The Defendant acknowledges that this Court may review a federal agency's decisions. However, it contends that "the scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency. *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983); *see also Prometheus Radio Project v. FCC*, 373 F.3d 372, 389 (3d Cir. 2004) (explaining the "narrow" scope of review). An agency's determination is generally only considered to be arbitrary and capricious "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Id.*

In reviewing Plaintiff's PSLF application, both USED's contractor and the Department determined that Plaintiff's employer does not meet the statutory and regulatory definitions of a qualifying employed. Defendant contends that, in reviewing Plaintiff's Public Service Loan Forgiveness (PSLF) application, it or its agent examined the relevant data and articulated a satisfactory explanation for its action, including a rational connection between the facts found and the choice made. *See State Farm*, 463 U.S. at 43. Because Defendant's denial of Plaintiff's PSLF application was not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, *see* 5 U.S.C. § 407(2), this Court has no basis to set the decision aside.

### D. Amending Pleadings

Do the parties need a deadline to amend pleadings to add claims or additional parties?

If so, propose the earliest practicable filing date.

Yes. With Court permission, Plaintiff will file the Amended Complaint by March 17, 2025.

### E. Anticipated Motions

List all threshold motions and dispositive motions that each party has already filed or plans to file. For each motion, specify (1) the applicable Rule that forms the basis for the motion, and (2) summarize the issue.

Proposed timeline for filing dispositive motions:

In a typical APA case, the defendant assembles its administrative record, lodges the record with the Court, and then, once the record is complete, the parties file cross-motions for summary judgment. Here, however, no record has yet been assembled and filed. Once that happens, Plaintiff reserves the right to file a motion to seek limited discovery and/or to file a motion seeking approval to supplement the record.

Discovery

### F. Informal Disclosure

Will initial disclosures listed in Rule 26(a)(1) be complete before the Rule 16 Conference?

Federal Rule of Civil Procedure 26(a)(1)(B)(i) exempts this proceeding from initial disclosures because it is an action for review of an administrative record.

If not, list what is outstanding, and explain why:

Have the parties formed any other agreements as to timing, form, and scope of informal disclosures *not required* in Rule 26(a)(1)?

No.

### G. Formal Discovery

Defendant contends that, with rare exceptions, discovery is not conducted in APA cases. *See NVE Inc. v. HHS*, 436 F.3d 182, 195 (3d Cir. 2006) (noting that "[t]here is a strong presumption against discovery into administrative proceedings born out of the objective of preserving the integrity and independence of the administrative process," with the rare exception of cases involving alleged bias on the part of an agency"). This court will review the administrative record that the agency considered under the

arbitrary and capricious review standard established by the APA.

Plaintiff contends that limited discovery is permitted in APA cases in the context of judicial review of an adjudication, as opposed to a review of agency rule-making. Depending on the completeness of the record assembled by Defendant, Plaintiff may seek to have the Court order some written discovery.

If so, please propose deadlines for phases and what will be due at each phase:

The parties propose the following schedule:

1. Defendant seeks permission to assemble the administrative record and lodge it with the Court no later than May 2, 2025. Plaintiff believes the limited nature of the record here makes this delay unreasonable. He proposes a deadline of April 2, 2025.
Defendant responds that this timeline is reasonable because part of the administrative record is held by at least one contractor of the Department of Education and there may be delays in receiving the full record. In any event, Defendant will endeavor to submit this record as soon as it is complete and ready to be certified as complete and, if that occurs before May 2, Defendant will lodge the record in advance of this date.

2. Within forty-five (45) days of the record being filed, Plaintiff may file a motion with the Court seeking discovery and/or supplementation of the administrative record.

3. The parties will file cross-motions for summary judgment sixty days after the record is lodged with the Court, or, should discovery be ordered, within sixty days after discovery concludes;

4. Responses to motions for summary judgment will be due no later than thirty days after the motions for summary judgment are filed.

Please identify any other anticipated discovery issues that should be addressed at the Rule 16 Conference, including:
- ☐ claims of privilege or of protection as trial-preparation material, as required by Rule 26(f)(3)(D);
- ☐ limitations on discovery or protective orders needed; and
- ☐ any disputes regarding electronic discovery or agreements regarding electronic discovery that deviate from the court's standard order.

The parties anticipate that there will be an issue regarding the relevance of evidence related to USED's disposition of similarly situated PSLF applications from staff attorneys in other Standing Trustee offices.

### III. <u>Settlement or Early Resolution</u>

The parties must familiarize themselves with Local Rule 53.3 before responding.

What is the outcome of the parties' discussions about early resolution through alternative dispute resolution (ADR) or mediation?

The parties do not think early ADR resolution would be helpful in this matter.

What is the outcome of the parties' discussions about proceeding before a Magistrate Judge for final disposition?

The parties do not consent to final disposition by a magistrate judge.

Is a settlement conference likely to be helpful?

No.

### IV. <u>Trial Date</u>

A firm date will be scheduled at or shortly after the pre-trial conference. Please either list below or come to the Rule 16 Conference ready with any dates in the three (3) to nine (9) months following the Rule 16 Conference date that present irreversible scheduling conflicts for counsel or the parties. Irreversible scheduling conflicts include pre-paid vacation and planned medical or family leave.

The parties anticipate that this case will be decided on cross motions for summary judgment and that trial will not be necessary.

<u>Other Matters</u>

Discuss any other matters not addressed above that parties would like to discuss at the Rule 16 Conference.

None.

| | |
|---|---|
| Date: February 24, 2025 | NELSON S.T. THAYER, JR.<br>Acting U.S. Attorney |
| /s/ Irv Ackelsberg<br>Irv Ackelsberg<br>Langer Grogan & Diver P.C.<br>1717 Arch Street<br>Suite 4020 | /s/ Erin Lindgren<br>Erin Lindgren<br>Assistant U.S. Attorney<br>615 Chestnut Street, Suite 1250<br>Philadelphia, PA 19106 |

Philadelphia, PA 19103
iackelsberg@langergrogan.com

Joshua Cohen
Cohen Consumer Law
PO Box 1040
St. Albans, VT 05478
jcohen@thestudentloanlawyer.com

*Counsel for Plaintiff*

Erin.Lindgren@usdoj.gov

*Counsel for Defendant*