UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROLANDO RAMOS-CARDONA, | : | |
| Plaintiff | : | |
| vs. | : | Civil Action No. 5:24-cv-04073 |
| | : | |
| UNITED STATES DEPARTMENT of EDUCATION | : | |
| and | : | |
| LINDA McMAHON, *in her official capacity as Secretary of Education*, | : | |
| Defendants | : | |

## AFFIDAVIT OF SCOTT F. WATERMAN

SCOTT F. WATERMAN, ESQUIRE, pursuant to 28 U.S.C. §1746, hereby certifies under penalty of perjury under the laws of the United States of America that the forgoing is true and correct:

1. I am one of the two Standing Chapter 13 Trustees for the Eastern District of Pennsylvania, with an office at 2901 St. Lawrence Avenue, Suite 100, Reading, PA 19606.

2. My appointment to this position by the Region 3 U.S. Trustee, as approved by the Executive Office of the U.S. Trustee within the Department of Justice, was effective January 7, 2019. True and correct copies of my official appointment appear at various places in the Administrative Record, including at RRC_AR 0027, 0065, 0073, 0100 and 0130.

3. I employ two full-time trial lawyers, one of whom is Plaintiff Rolando Ramos-Cardona, to make all appearances on my behalf in the Bankruptcy Court.

4. Before I began my service as the Standing Trustee, I owned a law firm that did business in Media, PA. After accepting the appointment, that law firm ceased doing business and I closed that office.

5. Scott F. Waterman P.C. is the inactive corporate entity under which I conducted

the affairs of the private law firm in Media, PA.

6. Scott F. Waterman P.C. had its own EIN number (47-3576826), as demonstrated by the attached Exhibit A.

7. I use a different EIN number (20-0720359) to pay the employees of the Standing Trustee office.

8. Before the Administrative Record was filed, I had no understanding of the factual basis for the erroneous determination that Plaintiff is employed by a "for profit" organization. It was only after I reviewed the Administrative Record that I realized that, during the processing of Plaintiff's PSLF application, the separate and inactive corporate entity, Scott F. Waterman P.C., had been mistakenly associated with the Standing Trustee office.

9. I also want to provide the following supplemental information to the information I provided the Department of Education's contractor by letter on February 28, 2024 (which appears in the Administrative Record at RRC_AR 0125-126), in support of Mr. Ramos-Cardona's application:

   a. There are approximately 170 Standing Chapter 13 Trustees within the program operated by U.S. Trustee ("UST"), most of who belong to the National Association of Chapter 13 Trustees (NACTT), a national nonprofit organization that, among other things, provides training and holds training events and a semi-annual conference to enable the Trustees and their staff to get to know each other and to discuss developments, policy and trends. The UST has a formal working relationship with the NACTT in that they have regular quarterly liaison meetings between the officers of the NACTT and the UST to discuss issues impacting Trustee operations.

b.  The Chapter 13 Standing Trustees are in daily communication with each other through an email listserve in which I participate. It was through that listserve that I learned that the first successful PSLF relief was granted to Lloyd Krauss, who currently is the Standing Trustee for the Eastern District of Texas. Mr. Krauss obtained credit both for the time he was employed as a trial attorney in a different Standing Trustee office (*i.e.*, corresponding to the position held by Plaintiff Ramos-Cardona in my office) and for the time he himself was a Standing Trustee. Besides mentioning the fact of this approval, Mr. Krauss shared with the members of the listserve the legal memo he used to get that approval.

c.  Since I submitted my February 28, 2004 letter, additional Chapter 13 Trustees have been approved as "qualifying employers" for PSLF relief. Those additional approvals are included in the list of thirteen offices enumerated in Paragraph 71 of Plaintiff's Amended Complaint that I provided to counsel to Plaintiff.

d.  There is no material distinction in the duties, structure and operations between my office and those other offices. We all operate in the public interest, in accordance with the Bankruptcy Code and the Chapter 13 Trustee Handbook issued by the U.S. Trustee, without the possibility of generating any profit from the fees we collect from debtors. And we all receive the same governmental subsidies for various office expenses, including the cost of printing and mailing notices of creditor meetings, the cost of the videoconferencing equipment used to record those creditor meetings, the cost of any interpreters we need to hire and our PACER costs.

Executed on June 24, 2025                            /s/ Scott F. Waterman
                                                     SCOTT F. WATERMAN

# Exhibit A

```
                                          In reply refer to: 0427263104
   IRS  Department of the Treasury        June 06, 2019    LTR 385C   0
        Internal Revenue Service          47-3576826    000000 00
   OGDEN  UT  84201-0034                                     00009530
                                                          BODC: SB
```



```
   SCOTT F WATERMAN PC
   110 W FRONT ST
   MEDIA  PA  19063
```

Employer identification number:   47-3576826

Dear Taxpayer:

We received your Form 2553, Election by a Small Business Corporation.

We accepted your election to be treated as an S corporation with an accounting period ending Dec. 31, 2018, as of Jan. 01, 2018. Please keep this letter in your permanent records as proof of acceptance of your election. If we examine your return, we will verify this election is appropriate for your situation.

Please verify the address we used to address this letter. The address on your election is different than the address in our records. If the address on your election is correct, please send us a Form 8822-B, Change of Address or Responsible Party - Business, so we can update our records. Be sure you sign the Form 8822-B and include your employer identification number.

We'd also like to take this opportunity to remind you of your tax obligations for the payment of compensation to shareholder-employees of S corporations.

When a shareholder-employee of an S corporation provides services to the S corporation, the S corporation must reasonably compensate the shareholder-employee. This compensation is subject to employment taxes.

The IRS may re-characterize distributions as salary. This position has been supported by Revenue Ruling 74-44 and in numerous court decisions.

S corporation shareholders must also know their stock and debt basis. The S corporation should notify each individual of the basis in his/her S corporation stock and debt when:

- The entity allocates a loss and/or deduction item to the individual
- The entity makes a (non-dividend) distribution to the individual
- The entity makes a loan repayment to the shareholder
- The individual disposes of his/her interest in the entity

```
                                            0427263104
                            June 06, 2019    LTR 385C   0
                            47-3576826      000000 00
                                               00009531
```

```
SCOTT F WATERMAN PC
110 W FRONT ST
MEDIA    PA   19063
```

For more information, see the instructions for Form 1120S, Schedule
K-1.

You can get any of the forms or publications mentioned in this letter
by calling 1-800-TAX-FORM (1-800-829-3676) or visiting our website at
www.irs.gov/formspubs.

If you have questions, call Ms. Mackay at
801-620-6442 between 7:30 a.m. and 1:00 p.m. MT.

If you prefer, you can write to us at the address at the top of the
first page of this letter.

When you write, include a copy of this letter and provide in the
spaces below the contact name and telephone number with the hours we
can reach him or her in case we need more information.

Telephone Number (    )_____    Hours_____

Keep a copy of this letter for your records.

Thank you for your cooperation.

                                    Sincerely yours,

                                    [signature]

                                    Dustin M. Hyde
                                    Notices/Unpostable Program Manager

Enclosures:
Copy of this letter
Envelope