**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROLAND RAMOS-CARDONA** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| **v.** | : | **NO. 24-4073** |
| | : | |
| **UNITED STATES** | : | |
| **DEPARTMENT OF** | : | |
| **EDUCATION, et al.** | : | |
| | : | |

<u>**MEMORANDUM OPINION**</u>

**Henry, J.**                                                                       **March 26, 2026**

Pending before the Court are the cross-Motions for Summary Judgment by Plaintiff Roland Ramos-Cardona (ECF No. 30) and Defendants United States Department of Education (the "Department") and Miguel Cardona, in his official capacity as Secretary of Education (ECF No. 29). Also pending is Defendants' Motion to Strike the Waterman Affidavit (ECF No. 31).

This case arises out of the Department's decision to deny Plaintiff's request for Public Service Loan Forgiveness ("PSLF"). Plaintiff is employed as a trial attorney in the office of Scott F. Waterman, Chapter 13 Standing Trustee. He applied for PSLF after completing what he believed were 120 qualifying payments toward his student loans. The Department rejected his application, finding that Waterman's office was a for-profit entity. Plaintiff is now asking the Court to review the Department's decision under the Administrative Procedures Act ("APA"). The case is before me on the parties' cross-Motions for Summary Judgment and the Department's Motion to Strike the Affidavit of Scott F. Waterman.

1

Because I find that the Department's decision denying PSLF application was arbitrary and capricious, I will grant Plaintiff's Motion for Summary Judgment in part[1] and deny Defendants' Motion for Summary Judgment. And because I reach the conclusion that the decision was arbitrary and capricious on grounds other than those supported by the Waterman Affidavit, I will grant Defendants' Motion to Strike the Waterman Affidavit.

## I.    Background

The PSLF program requires the Department to forgive the federal student loans of borrowers who make 120 monthly loan payments while employed in a "public service job." 20 U.S.C. § 1087e(m)(1). A "public service job" is defined, in relevant part, as "a full-time job in . . . government (excluding time served as a member of Congress), . . . public interest law services (including prosecution or public defense or legal advocacy on behalf of low-income communities at a nonprofit organization), . . . or at an organization that is described in section 501(c)(3) of title 26 and exempt from taxation under section 501(a) of such title." 20 U.S.C. § 1087e(3)(B)(i).

In 2008, the Department issued a regulation further defining program eligibility criteria. The regulation defined a PSLF "qualifying employer" as, in relevant part, a "government organization, agency, or entity," "[a]n organization under section 501(c)(3) of the Internal Revenue Code of 1986 that is exempt from taxation under section 501(a) of the Internal Revenue Code," or "[a] nonprofit organization that (A) Provides a non-governmental public service as defined in this section, attested to by the employer on a form approved by the Secretary; and (B) Is not a business organized for profit, a labor union, or a partisan political organization." 34 C.F.R. § 685.219(b). It further defined "non-governmental public service" as "services provided by employees of a non-governmental qualified employer where the employer has devoted a majority

---

[1] Plaintiff would have me direct the Department to classify Plaintiff's employment as "public interest law services" and his employer as a "qualifying employer," but I decline to go that far at this time.

of its full-time equivalent employees to working in . . . public interest law services." *Id.* Public interest law services is defined as "legal services that are funded in whole or in part by a local, State, Federal, or Tribal government." *Id.*

On June 16, 2022, Plaintiff submitted a PSLF application to the Department in order to determine whether he had made 120 PSLF-qualifying payments toward his student loans, certifying that he was employed by the Pennsylvania Office of Attorney General from January 2014 to December 2017. AR0010-12.[2] On September 13, 2022, Plaintiff submitted the same form again, this time including employment certification for the Pennsylvania Office of Attorney General and Scott F. Waterman, Standing Chapter 13 Trustee, with an EIN of 20-0720359. AR0013-0021.

On that form, Plaintiff indicated that the Pennsylvania Office of Attorney General is a "government organization, agency, or entity." AR0015. The Department determined that the payments Plaintiff made toward his student loan debt during the period he worked for the Pennsylvania Office of Attorney General were qualifying payments for the purposes of the PSLF program. AR0006-0008.

As for the Waterman employment form, Plaintiff indicated that he began working for Waterman's Standing Chapter 13 Trustee office in January 2018 and was still employed there. AR0016. Plaintiff and Waterman certified in the form that Waterman's Standing Chapter 13 Trustee office was a not-for-profit organization that was not tax-exempt under Section 501(c)(3) of the Internal Revenue Code and that the office provided public interest legal services. *Id.*

Also included with the application was a June 15, 2022 letter from Mr. Waterman asserting that his office is a "public service organization," that his office "provide[s] a public service by

---

[2] Citations to the administrative record ("AR") refer to the Bates stamped pages as they appear in ECF No. 24-2, omitting the introductory "RRC_".

administering chapter 13 cases . . . in the Eastern District of Pennsylvania and [is] required to report and account to the Bankruptcy Court, the United States Trustee and all additional stake holders," that his office is not required to file Federal or state income tax returns, *see* AR0017, and attaching his Appointment and Designation from the Department of Justice, *see* AR0018, and a memorandum from the Department of Justice confirming that Chapter 13 Standing Trustee offices are not required to file income taxes, *see* AR0019.  The Department of Justice memorandum, dated October 28, 2004, stated that "interest earned on post-confirmation and expense accounts is not taxable to the chapter 13 standing trustee, and that these accounts are not taxable trusts for which the standing trustee must file a fiduciary income tax return." *Id.*  Finally, attached to the Form was Plaintiff's 2021 W-2, listing his employer as Scott F. Waterman, with an EIN of 20-0720359. AR0020.

On September 30, 2022, Plaintiff submitted an updated PSLF application.  AR0022-30. The cover page indicated that after faxing the September 13, 2022 application, Plaintiff "noticed that [he] made a mistake on the certification of [his] current employer Scott F. Waterman.  The employer should have been classified as a governmental organization."  The September 30 application now included a certification that the Waterman Standing Chapter 13 Trustee office is a governmental organization, agency, or entity, not a not-for-profit organization.  AR0025.  It included all of the same attachments as the September 13 application.  AR0026-30.

Plaintiff was notified on February 18, 2023 that servicing of his loans was transferred to the Higher Education Loan Authority of the State of Missouri ("MOHELA").  AR0031-34; AR0171-172.  That same day, he received a notification from MOHELA that he had not yet made the required 120 qualifying payments necessary to be eligible for PSLF.  AR0035-39.  On March 31, 2023, MOHELA informed Plaintiff that it had approved the 48 payments toward his student loans he made while employed for the Pennsylvania Office of Attorney General.  AR0040-43.

4

On August 23, 2023, MOHELA informed Plaintiff via letter that it was still reviewing his eligibility for public service loan forgiveness, indicating that it "need[ed] additional time to determine if [he] work[ed] for a qualifying employer and [met] all other requirements of the PSLF program." AR0044-45. Five days later, MOHELA updated Plaintiff via email that he was not yet eligible for PSLF because he had not yet made the required 120 qualifying payments. AR0174.

On November 2, 2023, somebody with either MOHELA or the Department conducted a "Business Search" on the Pennsylvania Department of State website for "Scott F Waterman." AR0046-47.[3] The search returned one result for Scott F. Waterman, P.C., a Domestic Business Corporation with an address of 110 West Front Street, Media, PA 19063, with an initial filing date of April 6, 2015. AR0046.

Notably, the official website of Scott F. Waterman, Standing Chapter 13 Trustee for the Eastern District of Pennsylvania indicates that Waterman's Standing Chapter 13 Trustee office is located at 2901 St. Lawrence Avenue, Suite 100, Reading PA 19606. AR0052. The U.S. Trustee Program/Department of Justice Chapter 13 Standing Trustees Office Locator indicates the same address. AR0053-55. It also notes that "[t]he individuals listed are private parties, not government employees." AR0054-55.

On November 16, 2023, Plaintiff requested reconsideration of the denial of his PSLF application, writing that "[a]lthough the structure is irregular, the Department of Education has already concluded that Standing Chapter 13 Trustee offices are considered governmental employers under PSLF that perform essential government function." AR0060-61. Attached to his request were a letter from Waterman, the designation of Waterman as Standing Trustee, and a section of the Chapter 13 Standing Trustee handbook. *Id.*; AR0062-68.

---

[3] It is unclear who conducted this business search, but according to the Department's custodian of the administrative record, everything in the administrative record is a record of the Department of Education or its contractors, MOHELA or Accenture. ECF 28-1 ("Bowman Certification") at ¶ 4.

The next day, Plaintiff submitted another request for consideration. AR0074-75. In that request, he wrote, "Yesterday I submitted a reconsideration application for my employer's eligibility. Today I received an email stating 'Based on the information provided and our research, we could not determine whether Scott F. Waterman, Standing Ch. 13 Trustee Eastern District PA-Reading with the Federal Employer Identification Number (FEIN) of 200720359 is a qualifying employer for PSLF and Temporary Expanded PSLF (TEPSLF) because not enough information was provided. Please submit your W-2's. Your reconsideration review is closed.' I am resubmitting my reconsideration application and including the W2." AR0074. The application included Plaintiff's W-2, a student loan brief dated November 15, and Chapter 6 Section A of the Chapter 13 Standing Trustee Handbook. AR0075. In his student loan brief, Plaintiff made arguments as to why his employer should be considered a "governmental employer," referencing multiple sections of the Chapter 13 Standing Trustee handbook. AR0069-72.

Specifically, the brief purported to "provide additional information about [Plaintiff's] employer and the non-profit status of [his] employment." AR0069. He argued that the role served in his current employment, "coupled with the oversight and directive of the federal government, should make [his] employer eligible as a 'governmental employer.'" *Id.*

Plaintiff described the role of a Chapter 13 Trustee as follows:

Standing Chapter 13 Trustees administer all the Chapter 13 bankruptcy cases filed in their district. In Chapter 13 bankruptcies, bankruptcy debtors propose Chapter 13 repayment Plans to repay their creditors over a three to five year term. The debtors then tender monthly payments to the Chapter 13 Trustee who in turn disperses those funds to the debtors' creditors. The Trustee has a fiduciary responsibility to both the debtors, the creditors and the Bankruptcy Estate, and acts as the agent to ensure that the debtors' creditors are being repaid in a timely and efficient manner. ***See Handbook- Chapter 1, Sections C and D, p. 1-2 through 1-4.***

Per 28 U.S.C. § 586(e)(2), Standing Chapter 13 Trustees receive their funding from taking a percentage of the total receipts paid by the debtors each month. The total percentage fee cannot exceed 10% of the total receipts each month, per statute. The

percentage fee is calculated to be as low as possible to fund office expenditures, as all amounts remaining are disbursed to creditors of the Bankruptcy Estate.

*Id.* (emphasis in original).

Plaintiff noted that Standing Chapter 13 Trustees must remain in strict compliance with the Chapter 13 Trustee Handbook and the United States Bankruptcy Code. *Id.* He described that the United States Trustee fixes the Standing Chapter 13 Trustee's "percentage-fee," which is the amount the Trustee withholds from total receipts to fund office operations, and that the Standing Trustee has no authority to negotiate the percentage fee. AR0070. The United States Trustee fixes Standing Chapter 13 Trustees' compensation each year based on a statutory formula and must approve the Standing Chapter 13 Trustee's operating budget each year. *Id.* It also reviews the Standing Chapter 13 Trustee's monthly cash-flow reports and final annual report each year. *Id.*

Plaintiff finally argued that Standing Chapter 13 Trustee offices are governmental employers because, while "not technically federal employees, they are heavily regulated by the Department of Justice through the United States Trustee." AR0071. He listed facts to support that the office is a governmental entity, including that (1) the United States Trustee determines the Standing Trustee office income by having the sole authority to fix the percentage fee; (2) the United States Trustee, and not the Standing Trustee, fixes personal compensation each year based on statutory formula; (3) the United States Trustee must approve the office's budget; (4) any money on hand in excess of that set forth by the guidelines in the Chapter 13 Handbook are turned over to the United States Trustee at the end of each fiscal year; (5) Chapter 13 Trustee Offices do not file Federal or State Income Tax Returns; and (6) Chapter 13 Standing Trustees have already been determined to be eligible employers for PSLF. *Id.*

On December 9, 2023[4], Department employee Jamie Moreau created an Initial Note in Plaintiff's file stating "20-0720359 Scott F Waterman confirmed by borrower W2." AR0110; AR0116. Two days later, Department employee Tiffany Leonard drafted an Initial Note in Plaintiff's file stating, "Confirmed by DB that SCOTT F WATERMAN P.C. is an Ineligible For Profit company." AR0108; AR0115.

On December 15, 2023, Department employee Charlotte Mason drafted a Reconsideration Note and Determination Note in Plaintiff's file. AR0108-109; AR0113-115. The Reconsideration Note referenced Plaintiff's November 17, 2023 letter in which he resubmitted his reconsideration application. AR0108-109; AR0113. The Reconsideration Note states that the documents Plaintiff provided "[do] not substantiate proof of eligibility for PSLF" and that "[t]he employer remains ineligible and the reason for ineligibility is 'for profit' and no documentation provided that warrants a change in eligibility determination." *Id.* The Determination Note states, in relevant part, "[i]nformation from the PA Secretary of State confirms that Scott F. Waterman is a Domestic Business Corporation" and "[i]nformation from DOJ website confirms that Scott F. Waterman is Chapter 13 Standing Trustee receives compensation for their duties, therefore, it appears this is a for profit organization." AR0109; AR0114. It also notes that there were no results for Waterman's EIN in ProPublica which, according to Defendants, "maintains a database of non-profit companies." *Id.*; ECF No. 29 ("Dept. Mot.") at 15.

On December 18, 2023, Department employee Kathryn Sanders created a Determination Note in Plaintiff's file, stating: "PA SOS confirms that SCOTT F WATERMAN is listed as a BUSINESS CORPORATION therefore is a For Profit organization," "ProPublica: 0 RECORDS," and "No results on TEOS or FAC." AR0112; AR 0116-0117. According to the Department,

---

[4] The administrative record indicates the year for this note was 2024; however, the date was corrected through the Updated Certification of Index to the Administrative Record filed June 26, 2025. *See* Bowman Certification at ¶ 6. The correct year is 2023. The same correction applies to the documents located at AR0113 and AR0115. *Id.*

TEOS stands for "Tax Exempt Organization Search" and FAC stands for "Federal Audit Clearinghouse," which are public databases that contain information about nonprofit organizations.  Dept. Mot. at 15.

On January 17, 2024, Nikki Bowman,[5] a Supervisory Program Management Analyst for the Department, *see* Bowman Certification at ¶ 1, emailed Brian Siegel, an attorney for the Department, *id.* at ¶ 7(b), about Plaintiff's request for PSLF.  AR0123.  She noted that she "reviewed and came to the conclusion that They [sic] are contracted by DOJ, with a small population that are direct hires from the state to perform the same duties.  If we use the W2 and it has the borrower itself- that tells me they are self-employed… So, I defer to you."  *Id.*  Attorney Siegel responded the next day, stating that he was working to finalize the analysis.  AR0122.

On February 2, 2024, MOHELA sent Plaintiff a letter indicating that it "determined that [his] employer is a for-profit organization, which does not qualify for PSLF," *see* AR0119-120, and a few days later, it sent Plaintiff an email stating that because he had not made the required 120 qualifying payments necessary to be eligible for PSLF, did not yet qualify for PSLF, *see* AR0176.

On February 14, 2024, Ms. Bowman followed up with Attorney Siegal about Plaintiff's case.  AR0122.  He responded on February 20, 2024, stating that

> Chapter 13 trustees are not Federal employees and are not paid by the Federal Government. For standing trustees, that compensation derives from fees that individual debtors pay into the system, via court filing fees and the money paid into their Chapter 13 plans. Those working as, or employed by, the standing trustees' offices receive their paychecks not from the federal government, but from the office they work for – a private company. The Department of Justice website declares that, "[United] States Trustees appoint and supervise private trustees who administer bankruptcy estates under chapters 7, 11, 12, and 13 of the Bankruptcy Code. Private trustees are not government employees." . . . They do not receive any

---

[5] Ms. Bowman's email address as it appears in the administrative record reflects her maiden name, Harris.  *See* Bowman Certification at ¶ 7(a).

compensation from the government, instead collecting fees from debtors' Chapter 13 plans. 28 U.S.C. § 586(e)(1).

AR0121-22.

Plaintiff submitted an application for reconsideration of the Department's decision on March 4, 2024.  AR0161.  In his application, he wrote:

> It seems that the determination as to whether my employer is a for profit or not for profit entity is solely based on the EIN number and you doing a search. No wait [sic] is being given to the actual work, and the fact that other entities that do the same exact work as we do are deemed ok. The only thing my employer did wrong was that when he was appointed he did not get a new EIN number, but rather used his old one, but this should not negate the fact that other attorneys that do the same exact job, and have the same title, have been okay because how the employer set the ein [sic]. Forget the fact that we do the same thing, and we have the same exact job duties and office set up.

*Id.*  He attached a February 28, 2024 letter from Mr. Waterman "to assist the Department of Education in recognizing that [his] office should be deemed a qualified employer for the Federal Public Service Loan Forgiveness (PSLF) Program under the category of 'not-for-profit public interest law services.'"  AR0124-128.  The letter listed eight Chapter 13 Bankruptcy Trustees from various states who had been deemed qualified employers for PSLF.  AR0124.  It proceeded to argue that his office is a public service organization providing public interest legal services, including that "[b]y statute, Chapter 13 Bankruptcy Trustees are required in every case to consider and to represent the best interests of the public – debtors, creditors and the systematic integrity of the bankruptcy system."  AR0126.  It then argued that Chapter 13 Trustees are not-for-profit because they are not taxable entities, are not required to file Federal income tax returns, and do not need to seek tax exempt status.  AR0127.  It noted that Chapter 13 Trustee operations are partially funded by the Federal Government, including many of its operating expenses such as printing, mailing, the cost of video conferencing systems, interpreters, and PACER costs.  *Id.*  It further stated that Chapter 13 Bankruptcy Trustees' compensation is set by statute and their budget is

approved by the Office of the United States Trustee, *id.*, and that excess money from Chapter 13 Trustee operations is transferred to the United States Treasury, AR0128.

Although the Department did not appear to issue a written decision as to Plaintiff's request for reconsideration, it closed Plaintiff's case on March 7, 2024.  AR0161.

## II.    The Waterman Affidavit

Plaintiff submitted along with its Motion for Summary Judgment an affidavit from Mr. Waterman.  *See* ECF No. 30-1.  Defendants moved to strike the affidavit on July 31, 2025.  *See* ECF No. 31, arguing that the procedurally proper way for Plaintiff to supplement the administrative record is via motion practice, which he did not do, that the Court should not consider materials outside of the administrative record, and that the Waterman Affidavit contained inadmissible hearsay.  Plaintiff opposed the Motion to Strike on August 15, 2025.  *See* ECF No. 33.  The parties stipulated to strike paragraphs 9(b) and 9(c) of the Waterman Affidavit, and Defendants agreed to withdraw their procedural objections but maintained their objection to the affidavit as outside the administrative record.  *See* ECF No. 35.  Defendants filed a reply brief in further support of their Motion on August 29, 2025.  *See* ECF No. 36.

The agreed-upon striking of paragraphs 9(b) and 9(c) removes any potential inadmissible hearsay.  Thus, I am left to decide whether I should consider an affidavit that is outside the administrative record.

"In a challenge to administrative action under the APA, the administrative record cannot normally be supplemented."  *NVE, Inc. v. Dep't of Health & Hum. Servs.*, 436 F.3d 182, 189 (3d Cir. 2006).  This is because judicial review in APA cases focuses on the agency's decision-making process, and not on the decision itself.  *See id.* at 190.  The Third Circuit allows an administrative record to be supplemented in two circumstances:  "(1) in cases where the administrative record 'does not disclose the factors considered by an agency or the agency's construction of the

11

evidence,' and (2) in cases where there is agency bias." *New Jersey v. U.S. Army Corps of Eng'rs*, No. 09-cv-5591, 2010 WL 2771771, at *4 (D.N.J. July 13, 2010) (citing *Horizons Int'l, Inc. v. Baldrige*, 811 F.2d 154, 162-63 (3d Cir. 1987) and *NVE, Inc.*, 436 F.3d at 195), *aff'd sub nom. Delaware Dep't of Nat. Res. & Env't Control v. U.S. Army Corps of Eng'rs*, 685 F.3d 259 (3d Cir. 2012).  Defendants submit that Plaintiff has not satisfied either of these exceptions.

In opposition, Plaintiff argues that the Court should consider the affidavit because there is critical factual information missing from the record.  Specifically, Plaintiff seeks to clarify, via the Waterman Affidavit, that Plaintiff is not employed by Mr. Waterman's former Media private law firm, Scott F. Waterman, P.C., which has a different EIN than the EIN that Mr. Waterman uses to pay his employees in his Reading Chapter 13 Standing Trustee office.

Although the Department may have erroneously relied on the Secretary of State website's assertion that Scott F. Waterman, P.C.—a purportedly different organization than Waterman's Chapter 13 Trustee office—is a for-profit entity, they also clearly relied on other information in making their decision.  *See, e.g.*, AR0121-22 (Attorney Siegal's email noting his conclusion that "Chapter 13 trustees are not Federal employees and are not paid by the Federal Government" and that "[t]hose working as, or employed by, the standing trustees' offices receive their paychecks not from the federal government, but from the office they work for – a private company"); AR0109; AR0114 (December 15, 2023 Determination note indicating that "[i]nformation from DOJ website confirms that Scott F. Waterman is Chapter 13 Standing Trustee receives compensation for their duties, therefore, it appears this is a for profit organization.").  Because the Waterman EIN issue was not the sole reason for finding that Waterman's Chapter 13 Trustee Office is for profit, I do not find it necessary to allow supplemental information outside of the administrative record as to Waterman's EIN.

Additionally, as described below, I am remanding this case to the Department for further administrative proceedings on the basis of an issue independent from the Waterman EIN issue and the Department's submitted reasoning in denying Plaintiff's PSLF application, so the usefulness of the Waterman Affidavit is minimized, if not moot.

## III.     Legal Standard in APA Cases

Pursuant to the APA, a court may "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). "The APA's arbitrary-and-capricious standard requires that agency action be reasonable and reasonably explained." *Fed. Commc'ns Comm'n v. Prometheus Radio Project*, 592 U.S. 414, 423 (2021). "[A] court may not substitute its own policy judgment for that of the agency." *Id.* Instead, the court reviews the administrative record "to ensure that the agency has examined the relevant data and articulated a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Trenton Threatened Skies, Inc. v. Fed. Aviation Admin.*, 90 F.4th 122, 130-31 (3d Cir. 2024) (quoting *Sw. Pennsylvania Growth All. v. Browner*, 121 F.3d 106, 117 (3d Cir. 1997)).

An agency acts arbitrarily and capriciously if it "has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, [ ] is so implausible that it could not be ascribed to a difference in view or the product of agency expertise," or provides "insufficient reasons for treating similar situations differently." *Pennsylvania Dep't of Hum. Servs. v. United States*, 897 F.3d 497, 504 (3d Cir. 2018) (quoting *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)); *Nazareth Hosp. v. Sec'y U.S. Dep't of Health & Hum. Servs.*, 747 F.3d 172, 179-80 (3d Cir. 2014) (quoting *Muwekma Ohlone Tribe v. Salazar,* 708 F.3d 209, 216 (D.C. Cir. 2013)).

13

## IV.    Analysis

Plaintiff argues that the Department did not properly consider the evidence in reaching its decision—namely, it erroneously relied on the Secretary of State website search that returned Scott F. Waterman, P.C., a for-profit entity, and disregarded the fact that (1) Mr. Waterman's salary is fixed by the Attorney General and can not exceed a specified level of federal executives' pay and benefits; (2) the Attorney General sets an annual percentage fee that Mr. Waterman can collect from payments made by Chapter 13 debtors in order to cover his compensation and necessary expenses of the trustee operation; and (3) Mr. Waterman is prohibited from earning profit and any funds in excess of the approved percentage fee are paid to the U.S. Trustee System Fund, which support the argument that the Chapter 13 Trustee office is not-for-profit.

Plaintiff also takes issue with the fact that he presented the Department with the names of eight standing trustee offices that *had* been approved for PSLF, but the Department did not consider that evidence and did not state why it decided to rule differently than in those cases. Finally, Plaintiff makes merits arguments as to why, under the relevant PSLF statutes, Mr. Waterman's Chapter 13 Standing Trustee office should be considered either a non-profit or a government entity.

Defendants' Motion rests on their argument that the decision that Plaintiff is not eligible for PSLF is supported by the administrative record and applicable statutes and regulations, looking to the PSLF statutory definitions of what is a "public service job" or a government entity. They argue that the record shows that Mr. Waterman's office is neither of those and that the Department properly decided as such.

Bearing in mind that "the court is not to substitute its judgment for that of the agency," *see Prometheus Radio Project v. FCC*, 824 F.3d 33, 40 (3d Cir. 2016) (quoting *Motor Vehicle Mfrs. Ass'n of U.S.*, 463 U.S. at 43 (1983)), I decline to opine on whether a Chapter 13 Standing Trustee

14

Office should be classified as "qualifying employer" for purposes of PSLR and which, if any, category set forth in 34 C.F.R. § 685.219(b) it would be considered. Rather, I look to whether "the record before the agency . . . support[s] the agency action, if the agency has . . . considered all relevant factors, or if the [] court simply cannot evaluate the challenged agency action on the basis of the record before it." *Pellicano v. Off. of Pers. Mgmt., Ins. Operations*, No. 11-cv-405, 2011 WL 7665934, at *4 (M.D. Pa. Dec. 13, 2011) (quoting *BizCapital Bus. & Indus. Dev. Corp. v. Comptroller of Currency of U.S.,* 467 F.3d 871, 873 (5th Cir.2006)), *report and recommendation adopted*, 2012 WL 1243226 (M.D. Pa. Apr. 12, 2012).

I find it significant that the Department did not consider the eight cases that Plaintiff presented in his March 4, 2024 application for reconsideration in which the Department had determined that other Chapter 13 Standing Trustee Offices were PSLF eligible.[6] *See* AR0124-128. "Agency action is arbitrary and capricious if the agency offers insufficient reasons for treating similar situations differently. If [an] agency makes an exception in one case, then it must either make an exception in a similar case or point to a relevant distinction between the two cases." *Nazareth Hosp.*, 747 F.3d at 179-80 (quoting *Muwekma Ohlone Tribe*, 708 F.3d at 216 (D.C. Cir. 2013)). Upon presentation of these eight cases from Plaintiff, the Department failed to "point to a relevant distinction between" Plaintiff's case and those other cases. *Id.* at 180. I find this sufficient to remand the case to the Department for further administrative proceedings to investigate those cases and either adjust their decision accordingly or explain why Plaintiff's case has a different result. *See Comite' De Apoyo A Los Trabajadores Agricolas v. Perez*, 774 F.3d 173, 190 (3d Cir. 2014) ("Failure to consider relevant factors or provide an adequate explanation

---

[6] The Department takes issue with the fact that, in providing the names of these qualifying employers, he did not provide their EINs, which the Department uses to search its database for eligible employers. I find that excuse for not reviewing those cases insufficient. The Department, as a governmental agency, has an informational advantage over Plaintiff.

for an agency action are indeed among the 'wide range of reasons why agency action may be judicially branded as arbitrary and capricious.'") (internal citation omitted).

I will not go any further into the propriety of the agency's decision and whether it should have ruled differently.  *See Neto v. Thompson*, 506 F. Supp. 3d 239, 253-54 (D.N.J. 2020) ("[G]enerally, it is not a court's role to direct the agency how to act.  Rather, a court's role is to review the agency's decision and, if it cannot be sustained, remand to the agency.").  It may be that there is some reason Plaintiff's case truly is distinguishable from the Department's decisions awarding PSLF forgiveness to other Chapter 13 Standing Trustee Office employees.  But until the Department makes that finding, I cannot hold that it has considered all relevant factors or provided an adequate explanation for its decision.

## V.    Conclusion

For the foregoing reasons, I will grant Plaintiff's Motion for Summary Judgment in part and deny Defendants' Motion for Summary Judgment.  Defendants' Motion to Strike the Waterman Affidavit is granted.  The case is remanded to the Department for further administrative proceedings.  An appropriate Order follows.